## *Ex parte* Wyles.

A constable is not entitled to fees for travelling to serve a criminal warrant unless the service is actually made, though the party sought to be arrested cannot be found.

*It seems* the rule is universal that an officer is not entitled to fees for travelling to serve process unless the service is made. *Per* Beardsley, J.

Motion, on behalf of William Wyles, for a mandamus to the board of supervisors of Oswego county, to compel them to audit and allow an account presented by him at the last annual meeting of the board for his services as a constable of the town of Scriba, and rejected. The account amounted to $127,36, and was for his travelling fees in attempting to serve warrants issued by justices of the peace and other magistrates for criminal offences, where the parties sought to be arrested could not be found. The fees were charged at six cents per mile for going and returning. But it was stipulated that if the court should be of opinion that he was entitled to be paid for going only, the order should so declare.

*J. S. Randall*, for the relator.

*O. H. Whitney*, contra.

*By the Court*, Beardsley, J. The statute gives certain fees to a constable for *serving a warrant*, and *for travelling to make such service*. (2 R. S. 750, § 4.) But no fees are to be paid unless the warrant is actually served. The rule is probably without exception, that no fees are allowed to any officer for travelling in order to serve process unless the service is actually made. I think the principle is entirely settled, and it is moreover one of sound policy. It excites to vigilance and fidelity, whereas the opposite rule would afford a strong temptation to remissness and fraud.

                                          Motion denied