RAYMOND, respondent, *v.* COM'RS OF MADISON COUNTY, appellant.

COUNTY CLERK'S SALARY — *No extra compensation allowed.*

Since the passage of the "act in relation to the fees of county clerks," approved July 22, 1879, county clerks are not entitled to any extra compensation for any services required to be performed by them for the county. The salary fixed by that act was intended to be full compensation for all services rendered by them to the county in any manner whatsoever. And the county is prohibited from paying any other compensation.

*Appeal from First District, Madison County.*

J. E. CALLAWAY, for respondent.

THOS. R. EDWARDS, for appellant.

GALBRAITH, J.  This is an appeal from an order of the court reversing and disallowing the act of the board of county commissioners of Madison county in allowing and ordering the payment of certain accounts of August Jessen, county clerk, for work done by him for the said board, and also from the judgment rendered by the court, which was for the appellant.

The accounts were as follows:

"VA. CITY, March 9, 1882.

"*Madison County, Dr.,*

"*To August Jessen,*

| | |
|---|---|
| To indexing commissioners' journal, 590 indices, at 15 ........ | $88 50 |
| To statement rendered United States marshal and correspondence..................................................... | 20 00 |
| To listing warrants, vouchers, etc., returned by treasurer..... | 25 00 |
| To adding tax collection of county treasurer................. | 60 00 |
| | $193 50 |

"I solemnly swear that the above account is true and correct and wholly unpaid.

"AUGUST JESSEN, *County Clerk.*

"Sworn and subscribed to before me this 9th March, 1882.                    L. C. DAHLER, *Chairman.*"

"VA. CITY, March 9, 1882.

"*Madison County, Dr.,*

"*To August Jessen,*

| | |
|---|---|
| To making out financial statement for the year 1881 .......... | $285 10 |

"I solemnly swear that the above account is just, true and wholly unpaid.                    AUGUST JESSEN.

"Subscribed and sworn to before me this 9th March, 1882.                    L. C. DAHLER, *Chairman.*"

The agreed statement of facts shows "that the services set forth in the above accounts were rendered by August Jessen, and were reasonably worth the amount charged therefor; that the board of county commissioners caused the work to be done, and contracted with August Jessen to do the same for the sums charged therefor in said accounts; that the above bills were audited by the

board of county commissioners, allowed, and paid by
warrant on the general fund of the county; that the bill
for making out financial statement for the year 1881 is
for the labor of making out a report of the receipts and
expenditures for the year 1881."

In relation to the first three items of the first account,
it is evident from an examination of the law relating to
county officers that the labor mentioned therein, for
which extra compensation is charged, is comprehended
within his general duties as clerk of the board of county
commissioners, and for which he receives the compensa-
tion provided by section 370 of the general laws (Revised
Statutes of 1879, p. 485).

Section 385 of article 4, chapter 16, of the general laws
(Revised Statutes of 1879), constitutes the county clerk
clerk of the board of county commissioners.

Sections 366 and 387 of the same chapter require:
" that the county clerk shall  .  .  .   keep a record of
the proceedings of said board in a book as required by
law, under the direction of said board of commissioners."

The journal referred to in this item is evidently the
record intended by the last named section.   Such a rec-
ord is not complete without an index.   An index is prop-
erly a part thereof, and the making of the same within
the prescribed duties of the clerk of the board.

The second item, which evidently refers to an account
of some kind with the United States marshal, we think
comes within the provision of the second paragraph of
section 472 of article 12, chapter 16, of the general laws
(Revised Statutes of 1879, p. 504), by which it is made
the duty of the clerk of the board of county commis-
sioners " to adjust accounts between the county and all
persons, bodies politic and corporate, chargeable with
moneys payable to or receiving moneys therefrom."

The third item comes within the provisions of para-
graphs 1 and 2 of section 472 of article 12, chapter 16,
of the general laws (Revised Statutes of 1879, p. 504),

which provides that it shall be the duty of the clerk of the board of county commissioners to keep regular accounts with the county treasurer, and to file and preserve in his office all accounts, vouchers, and all other papers pertaining to the settlement of any accounts to which the county shall be a party.

An account properly kept with the county treasurer as required by the above provision ought to include a list of warrants returned by him.

In relation to the last item of the first account, and the second account, which contains but one item, we are at a loss to determine to what provision of the statute they may be assigned. It would seem, however, that the item contained in the second account is for services rendered in compliance with section 374 of article 2, chapter 16, of the general laws, by which it is made the duty of the several boards of county commissioners, transacting county business in the several counties of this territory, at the regular spring term of their respective sessions in each year, to make out a full and complete statement of the amount of debt due by their counties, and a detailed account of the receipts and expenditures of the same for the preceding year, showing from what officer received, and to what individuals and on what account any money has been paid; and shall strike a balance, showing a deficiency, if any, and the balance in the treasury, if any. Both these last items would not be included in the duties to be performed by the clerk, and would properly be included in those services for which he would be entitled to compensation under section 370 of the last named article of the general laws, were it not for the express provisions of an act entitled "An act in relation to the fees of county clerks," contained in the Revised Statutes, page 6, of the laws enacted at the extraordinary session of the eleventh legislative assembly, which provides for a salary to be paid to the county clerk, and that such salary "shall be the

only compensation said clerks . . . shall receive for all services required by law of them to be performed for any county, . . . or for which any county . . . is liable or responsible; nor shall any county . . . pay to said clerks . . . any other compensation than herein provided."

This act was passed and was in force at the time the services set forth in all the items contained in both accounts were performed. The intention of the act was to make the salary paid to the county clerks a compensation in full for all services rendered by them to the county in any manner whatever. Not only is the salary a compensation in full for all such services, but the county is expressly prohibited from paying any other compensation to the clerks whatever.

The above act applies to all the above items contained in both the accounts.

The board of county commissioners could not, therefore, lawfully allow or order the payment of the sums demanded in the above account, or any of them.

The judgment and order of the court below is affirmed.

*Judgment affirmed.*