[No. 9,481. Department One.—May 20, 1884.]

## R. J. BROUGHTON, Respondent, v. THE COUNTY OF SANTA BARBARA, Appellant.

Sheriff's Fees for Mileage.—Section 9 of the Statutes of 1869–70, p. 148, which provides that the sheriff may charge "for mileage in any criminal case or proceeding," does not authorize him to charge mileage for other traveling than that which is expressly mentioned in the statute, but simply fixes the rate which may be charged when mileage is allowed by any other law or statute; the statute does not allow mileage for traveling in different directions in looking for one charged with a crime, who is not arrested.

Appeal from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion of the court.

*John J. Boyce*, for Appellant.

*W. C. Stratton*, for Respondent.

The Court.—The action is brought by the sheriff to recover $321.30, as "mileage" for traveling "to serve warrant of arrest" on one charged with felony. Plaintiff relies upon the provision of the statute, which reads as follows:—

"For every mile necessarily traveled, in going only, in executing any warrant of arrest, subpœna or venire, bringing up a prisoner on habeas corpus, taking prisoners before a magistrate or to prison, or for mileage in any criminal case or proceeding, *provided*, that in serving a subpœna or venire when two or more jurors or witnesses live in the same direction, but one mileage shall be charged, thirty cents; *provided further*, that in the counties of Amador and Sacramento, for every mile necessarily traveled in any criminal case, twenty cents." (Stats. 1869–70, p. 159.)

The clause in the section, "or for mileage in any criminal case or proceeding," does not authorize the sheriff to charge mileage for other traveling than that which is expressly mentioned in the statute, but simply fixes the rate which may be charged when mileage is allowed by any other law or statute. Thus, if there be any other service for which a statute requiring it to be performed does not fix the compensation, but which involves traveling, the sheriff may charge for such traveling, "in going only," thirty cents a mile.

In *Ex parte Wyles*, 1 Denio, 658, Beardsley, J., said: "The rule is probably without exception, that no fees are allowed to any officer for traveling in order to serve process, unless the service is actually made. I think the principle is entirely settled, and it is moreover one of sound policy. It excites to vigilance and fidelity, whereas the opposite rule would afford a strong temptation to remissness and fraud." Certainly the intent of the legislature, after having carefully stated that the sheriff shall receive mileage at a certain rate, "in going only," when a warrant is executed, to allow mileage for traveling in different directions in looking for one charged with crime who is *not* arrested, should be very clearly expressed. But, as we have seen, the clause of the statute relied on will support another and equally plausible interpretation.

Judgment reversed.