STEELE, PLAINTIFF, *v.* GILPATRICK, AS REGISTRY AGENT OF REGISTRATION DISTRICT No. 1, DEFENDANT.

[Submitted July 1, 1896.   Decided July 18, 1896.]

ELECTIONS—*Sections of Political Code in force controlling registration, enumerated.*— Sections 1200, 1209, 1211, 1212, 1218 to 1221, inclusive and 1224 to 1234 inclusive of chapter 3, Part III, title II of the Political Code, pertaining to the registration of voters, held in force.

SAME—*Registration offices—Time for opening.*—The time for opening registration offices is controlled by the provisions of section 1227, chapter 3, Part III, title II of the Political Code, and the registration of electors, as therein provided, may not lawfully begin before the second Tuesday of October preceding any general election.

SAME—*Registration certificates.*—Section 1233, *Id.*, prohibiting registration and voting in any county other than the one in which the elector actually resides at the time of his registration or in which he will have actually resided for thirty days before election day, is controlling as to the character of registration certificates permitted to be issued by registry agents.

ORIGINAL PROCEEDING. Action to enjoin opening of a registration office prior to the second Tuesday of October, 1896. Writ issued.

Statement of the case by the justice delivering the opinion.

Original proceeding. The plaintiff brings this action as a taxpayer to enjoin the defendant, a duly appointed registry agent for registration district No. 1, within and for the county of Lewis and Clarke, from opening his registration office on any date before the second Tuesday of October, 1896, or from registering the names of qualified electors before said date, and to restrain the defendant from issuing to any one any paper called a state registration certificate during his term of office— all of which acts he threatens to do in violation of law. An order to show cause having issued, the defendant appeared by general demurrer.

*C. B. Nolan, E. A. Carleton* and *Henry C. Smith,* for Plaintiff.

*Henri J. Haskell,* Attorney General, for Respondent.

HUNT, J.—This proceeding is brought to determine what

statutes are in force regulating the registration of voters entitled to vote at general elections to be held within the state.

The original registration law was enacted in 1889. (Laws Sixteenth Session, page 124.) To remedy inconveniences and defects, made plain by practical operation of the law, in 1893 the legislature made a number of material amendments to several of the provisions of the act of 1889. (Laws of Montana, Third Session, page 78.) Between the date of the passage of the law of 1889 and the amendments of 1893, the code commission reported for adoption the Political Code, which included substantially the law of 1889. This reported code was substantially adopted by the legislature on February 25, 1895. Then there were several new statutes pertaining to registration passed in 1895.

In the codes as published (Montana Codes Annotated, 1895) the chapter pertaining to the registration of voters is very confusing. (Chapter 3, § 1200 *et seq.*, Political Code.) It apparently contains all the laws passed upon the whole subject of registration, that is the act of 1889, the amendatory act of 1893 and the new acts of 1895.

As there is an entire irreconcilability between many of the provisions of the chapter as published, we have resorted to those sections of the code which lay down rules of construction to aid us in selecting the statutes which must control.

By section 5181 of the Political Code (March 13, 1895) it is expressly provided that * * "all acts of the third and fourth sessions of the legislative assembly of the state of Montana shall be and remain in full force and effect in like manner as if enacted after the adoption of the four codes, namely : The Code of Civil Procedure, the Penal Code, the Civil Code and the Political Code, notwithstanding the provisions of sections 5160 and 5161 of the Political Code, nor any provision of either of said codes to the contrary; and all acts of the fourth session of the legislative assembly amending or repealing any provision of either of said codes, shall be observed in compiling and printing thereof, so that such repealed provision shall be omitted and amendments inserted in lieu of the original provision."

It was also provided by section 5184 of the Political Code that :    "If any of the acts or parts of acts herein enumerated are in conflict with, or are inconsistent with any of the provisions of the said codes enumerated in section 5183, of this act, or any of them, the acts or parts of acts herein enumerated are to be considered and construed as amendments to the respective code or codes, whose provisions they are in conflict with, or are inconsistent with, it being intended hereby that all of the acts or parts of acts herein enumerated shall be the law of the state of Montana, upon the respective subjects, so far as they are inconsistent with the provisions of the said codes, or any of them, except as herein provided."

By section 5185, approved March 13th, 1895, it was provided that if any of the acts or parts of acts enumerated in said section were in conflict with any acts passed by the fourth legislative assembly of the state, the acts passed by the fourth legislative assembly shall be considered and construed as repealing such acts, or parts of acts enumerated in said section.

By section 5186 certain acts were enumerated and declared to be in full force and effect.    Included in this enumeration . we find :    "An act to amend an act entitled 'an act to provide for the registration of the names of electors and to prevent frauds at elections approved March 8th. 1889,' approved March 8th, 1893."

It therefore follows from these statutory rules that the laws of 1893 and the laws of 1895 are in force.    If they conflict with any sections adopted as reported by the Code commission the Code sections fall ; but where there is no inconsistency, the Code sections must stand.

Without entering further into the details of the history of the several amendments, we have concluded to make the matter as plain and simple as possible by compiling the statutes now in force in the order in which they stand as published, appending to several of the provisions such brief observations as may seem appropriate in explanation thereof.

Section 1200.

Section 1209.    Section 1209 is from the laws of 1895.    The

oath prescribed is general in its application to persons—citizens at the time they may register—and as such must prevail. But it makes no provision for persons who have declared their intention to become citizens, but who cannot by reason of legal disqualification take out their final papers until after registration closes, but who may be able to so qualify before election day. (See note to § 1228.)

Section 1211.

Section 1212. This section is from the law of 1895, and is the provision applicable to persons fully naturalized at the time of application for registration, and as to such persons is controlling. But if a person presents himself for registration and presents his declaration of intention to become a citizen, but who by reason of legal disqualification cannot become a citizen until after registration closes and before election day, such person may be registered and is brought within the provisions of section 1230.

Section 1218.

Section 1219.

·       Section 1220.

Section 1221.

Section 1224.

Section 1225.

Section 1226.

Section 1227.

Section 1228. This section is from the laws of 1893. So much of it as applies to persons who are full citizens at the time of registration is included in section 1209. (See note § 1209.) But it must stand as the law governing the registration of any persons who may have declared their intention to become citizens but who, by legal disqualifications, cannot take out their final papers until after registration closes, yet who honestly intend to take out such final papers before election day. (See note to § 1209 and § 1230.)

Section 1229.

Section 1230. The object of the foregoing section (1230) was evidently to cover the few cases that might arise of per-

sons who had declared their intention to become citizens of the
United States, but who could not take out their final papers
until the time intervening between the close of registration and
election day. Thus a man who had declared his intention to
become a citizen upon the first day of November, 1894, (unless
in special instances) could not take out his final naturalization
papers until November 1, 1896. Registration however will
close before November 1, but election day will not occur
until November 3. To cover such a case section 1230 must
stand. It permits the registration, provided the applicant °
swears that he will be entitled to become a naturalized citizen,
and will become one before election day, and provided, as gen-
erally required by the registration laws, he exhibits his
declaration of intention and otherwise is qualified generally to
register.

Section 1231.

Section 1232.

Section 1233. The foregoing section (1233) is from the
laws of 1893. By the original registration law of 1889, an
elector could receive what was called a "territorial or state
registry certificate" from his registry agent, and upon its ex-
hibition to a registry agent in another district within the
county in which the elector registered, *or any other county*, he
could register a second time and vote. But the legislature of
1893 materially changed this provision of the law and ex-
pressly prohibited the registration or voting in any county
other than the one in which the elector actually resides at the
time of his registration, or in the county in which he will have
actually resided for thirty days before election day. The
only privilege accorded by section 1233, now in force, is that
an elector who is registered may, if he moves from one elec-
tion district to another *within the same county* in which he
registered, vote in the district into which he has moved *in the
same county*, provided, he has obtained the certificate allowed
by section 1233, and provided, he presents this certificate
*within the period of registration* to the registration agent
within the election district to which he has moved, and pro-

vided, his name is registered the second time as required by said section.   But it must be understood that under the registration law of the state now in force, there is no way whatsoever by which an elector may vote unless his name appears upon the registration books of the county in which he actually resides at the time of his registration, or in which he will have actually resided for thirty days before election day.   This important prohibition also appears by section 1234, to follow. The section only gives a right in certain cases to a registered voter to vote in a district other than where he first registered. But he cannot vote under any circumstances in any county except where he first registered and lives, nor unless registered before registration closes.

Section 1234.

There are several other provisions in the chapter pertaining to registration applying to special elections held for any purpose in any county, but as they are wholly immaterial to the laws governing the registration of voters at general elections, they need not be considered.

The demurrer is therefore overruled, and it is hereby ordered that a writ issue enjoining and restraining the defendant from opening his registration office, and from registering names of electors at any time before the second Tuesday of October, 1896, and restraining him from issuing any registration certificates other than those provided for by section 1233, referred to above.

DE WITT, J., concurs.   PEMBERTON, C. J., not sitting.