C. C. PROCTOR, SHERIFF, RESPONDENT, *v.* CASCADE COUNTY, APPELLANT.

[Submitted Nov, 1, 1897.  Decided Nov. 22, 1897.]

*Sheriff's Fees—Statutory Construction.*

1. SHERIFF'S FEES.—Section 2311 Political Code which allowed to the sheriff only his actual expenses incurred in taking an insane person to an asylum, is repealed by Section 4604 Political Code, which allows 10 cents per mile for each mile traveled, and an additional 10 cents per mile when transporting any person by an order of court.
2. STATUTORY CONSTRUCTION.—Although where two statutes are passed at the same legislature the presumption against a repeal is strong, still where the whole purposes of the prior law is covered by the subsequent act, the latter will control.

*Appeal from District Court, Cascade county.  J. B. Leslie, Judge.*

ACTION by C. C. Proctor, sheriff, against Cascade county. Plaintiff had judgment, and defendant appeals.  Affirmed.

Statement of the case by the justice delivering the opinion.

This was an appeal from the action of the County Commissioners of Cascade county in disallowing a portion of the bill of respondent, as sheriff of Cascade county, for transporting an insane patient to the state insane asylum.  The respondent claimed mileage under Section 4604 of the Political Code, but the Board of County Commissioners allowed him his actual expenses only, under Section 2311 of the same code.  The District Court rendered judgment in favor of respondent for the full amount of his claim for mileage, under Section 4604. The appeal is by the state.

Section 2311 of the Political Code is as follows : ''The costs of the examination, committal and taking an insane person to the asylum must be paid by the county in which he resides at the time he is adjudged insane.   The sheriff must be allowed the actual expenses incurred in taking an insane person to the asylum, and no more.''

Section 4604, *Id.*, reads as follows :  ''While in the discharge of his duties, the sheriff shall receive ten cents per mile for each and every mile actually and necessarily traveled, and for transporting any person by order of court he shall receive ten cents additional per mile, the same to be in full for transportation and dieting  of  such person during such transportation.   The county shall not be liable for nor shall the Board of County Commissioners pay for any claim of the sheriff or other officer, for team or horse hire, or any other expense incurred in travel or for subsistence; the fees for mlieage named in this section being in full for all such traveling expenses.''

Section 2311 was enacted as a provision of the Political Code adopted by the Fourth Legislative Assembly.   Section 4604 was enacted after the codes had been adopted, but at the same session of the legislature at which they were adopted. The bill of which Section 4604 was a part, in general words repealed all acts and parts of acts in conflict with that act.

*H. S. Hepner*, for Appellant.

*C. B. Nolan*, Attorney General, for Respondent.

HUNT, J.—Section 4604, Political Code,  having  been passed at the Fourth session  of the legislature, it is the duty of the court, under a statute of that same session (Section 5181, Political Code,) to give it full force and effect, in like manner as if it had been adopted after the passage of the four codes.   By doing this we find that its provisions expressly control the fees allowed a sheriff ''for  transporting any person by order of court.''   The language used is sweeping.   It covers instances of prisoners transported to the penitentiary,

of insane persons transported to the asylum, of persons transported in contempt proceedings, of witnesses transported under an order of court, or any other instance where such a service is to be performed.    If the statute had used the words "any prisoner," the argument of limitation excluding cases of transportation of insane persons, if elsewhere provided for, would be reasonable; but by the unrestricted use of the word "person" the manifest intention of the legislature was to provide a uniform rule of compensation to sheriffs in any and all cases where they are called upon to transport persons in obedience to orders of a court.    We look upon Section 4604 as a subsequent statute covering the subject-matter of the transportation of any person by a sheriff under order of court, and as intended to be a substitute for Section 2311, and all other former statutes upon the same subject.    On principle, it therefore operated as a repeal of such previous statutes.

We are mindful of the rule that where two statutes are passed at the same session of the legislature the presumption against repeal is strong.    (*State* v. *Rotwitt*, 17 Montana, 41, 41 Pac. 1004.)    Yet if Section 2311 is displaced by Section 4604, which defines what shall be allowed for transporting insane as well as any other persons transported by order of court, Section 4604 must govern.    "The revision is a substitute ; it displaces and repeals the former law as it stood, relating to the subjects within its purview."    (Suth. St. Const. § 154.)

If a sheriff presented a bill for transporting an insane person to the asylum for more than 10 cents a mile as his actual expenses incurred, and claimed payment under Section 2311, the commissioners would at once be justified in refusing payment, upon the ground that Section 2311 was displaced by Section 4604, which limits the allowance to 10 cents as in full for transportation and dieting of any person transported by order of the court.

The actual expenses of transporting a violently insane person may often exceed 10 cents per mile, while ordinarily such

an allowance would be a liberal one. Doubtless consideration of such varying charges prompted the legislature to establish a uniform rate as equitable and just in all cases. But as uniformity seems clearly to have been intended by the subsequent general statute, and the object was to prescribe but one rule in respect to the subject of transportation of any persons transported by order of court, the general statute must control. (*Tracy* v. *Tuffly*, 134 U. S. 206, 10 Sup. Ct. 527.) The judgment is affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.