Schneider vs. Waukesha County.

SCHNEIDER, Respondent, vs. WAUKESHA COUNTY, Appellant.

*April 26 — May 16, 1899.*

*Sheriffs: Mileage: Service of process: Compensation: Escape: Construction of statutes.*

1. Under subd. 27, 34, sec. 731, R. S. 1878, providing that sheriffs shall receive for traveling to serve any criminal process, for every mile actually traveled, ten cents per mile whether in the county from which process issued or not, and that when any person accused of

any felony shall escape pursuit without fault or negligence of the sheriff, and the district attorney shall certify such pursuit was necessary and proper, the county board may in its discretion allow a fair compensation for the time and necessary expenses incurred in such pursuit, the word "escape" is not used in its technical sense, as meaning an escape from custody or actual imprisonment; and a sheriff cannot recover mileage, as such, from his county, for an honest but unsuccessful attempt to execute a criminal warrant, but only such compensation as the county board shall allow upon the proper certificate of the district attorney.

2. Where a sheriff sought to recover mileage for travel in unsuccessful attempts to execute criminal warrants, *held*, that as there had been no service, no fees could be recovered, unless expressly given by statute.

APPEAL from a judgment of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is a contest as to sheriff's fees. The plaintiff was sheriff of *Waukesha* county during the years 1897 and 1898, and seeks to recover mileage for travel in attempting to execute criminal warrants in cases where he failed to find the defendants, and hence returned the warrants unexecuted. The greater part of the travel was outside of the limits of Waukesha county. The county board disallowed the claim, and the sheriff appealed to the circuit court. Upon reference to the Honorable M. S. Griswold, county judge, testimony was taken, and he found that the action of the county board should be affirmed. The court, however, reversed the referee's conclusion, and entered judgment against the county for the amount of the sheriff's claim, and the county appeals.

For the appellant there was a brief by *V. H. Tichenor*, attorney, and *T. W. Parkinson*, of counsel, and oral argument by *Mr. Parkinson*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

WINSLOW, J. The question presented is whether a sheriff can recover mileage for travel in an honest but unsuccessful attempt to execute a criminal warrant.

It is familiar law that he can only recover the fees which the statute gives him. . The statute provided (R. S. 1878, sec. 731, subd. 27) that he should receive for "traveling to serve any criminal process, for every mile actually traveled, ten cents per mile whether in the county from which process issued or not." Subd. 34 of the same section also provided: "When any person accused of any felony shall escape pursuit without fault or negligence of the sheriff, and the district attorney shall certify such pursuit was necessary and proper, the county board may in their discretion allow a fair compensation for the time and necessary expenses incurred in such pursuit."

It is claimed that "traveling *to serve*" process covers a case where the attempt is unsuccessful as well as a case where the arrest was in fact made. However persuasive this argument might be if this subdivision stood alone, we think when subd. 34 is considered the intention of the legislature is clear that travel fees are not to be recovered for unsuccessful attempts to make arrests, but that in such cases, where felony is charged, compensation may be allowed by the county board, in its discretion, upon the proper certificate of the district attorney.

It is evident that the word "escape" is not here used in its technical sense, as meaning an escape from custody or actual imprisonment, because it is joined with the word "pursuit," and the two words together can apparently have no reasonable application save to a case where the accused eludes arrest entirely. This conclusion receives support, also, from an amendment to the section made by the Statutes of 1898, by which subd. 34 was amended so as to read "shall escape *from custody or pursuit*," showing clearly that the legislative idea was that an escape from custody was a different thing from escaping pursuit.

The general rule undoubtedly is that, where there is no service, there are no fees, unless they be expressly given by statute. Murfree, Sheriffs, § 1084*a*; *Ex parte Wyles*, 1 Denio,

658; *Broughton v. Santa Barbara Co.* 65 Cal. 257; *Comm'rs of Labette Co. v. Franklin,* 16 Kan. 450; *Yavapai Co. v. O'Neil* (Ariz.), 29 Pac. Rep. 430. Although these decisions were made under statutes which provide for fees "in serving" or executing process, we do not regard the difference in language as material, especially in view of the provisions of subd. 34. A different result was reached in *Davis v. Le Sueur Co.* 37 Minn. 491, but the reasoning in that case does not seem satisfactory.

*By the Court.*— Judgment reversed, and action remanded with directions to enter judgment in accordance with the report of the referee.