DOWTY, RESPONDENT, *v.* PITTWOOD, APPELLANT.

[No. 1408.] °

[Submitted June 21, 1899. Decided July 3, 1899.]

*Municipal Corporations— Officers— Qualification of Aldermen —Act Regulating— Constitutionality — Repeal — Amendment— Construction.*

1. In view of Political Code, Section 5160, adopted February 25, 1895, providing that laws passed at the session of the legislative assembly at which the Code was passed must be construed as if both had been passed on the last day thereof, and Section 2, providing that the Code shall not take effect until July 1, 1895, Compiled Statutes 1887,

Div. 5, Section 365, relating to the qualification of aldermen, could not have been repealed or abrogated by the Code before July 1, 1895, and hence the act of March 7, 1895 (Political Code, Section 4753), amending it, was a valid amendment of an existing law, and became, under the act of March 13, 1895 (Political Code, Section 5180 *et seq.*), effective as a part of the Code on and after July 1, 1895.

2.   The act of March 7, 1895, entitled "An act to amend Sections 364 and 365 of the Fifth Division of the Compiled Statutes of Montana, and the amendments thereto, approved September 14, 1887, relating to the qualifications of mayors and aldermen and declaring the same, does not conflict with Constitution, Art. 5. Section 23, declaring that an act shall not embrace more than one subject, which shall be clearly expressed in its title.

3.   The act does not violate Constitution, Art. 5, Section 25, providing that no law shall be revised. amended, or extended by reference to its title only; but so much as is revised. amended or extended shall be re-enacted and published at length.

4.   Political Code, Section 4753, providing that no person shall be eligible to the office of alderman, unless a resident of the ward where elected "for at least one year preceding such election," means one year next preceding the election.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

CONTEST of an election by David Dowty against William H. Pittwood.   From a judgment in favor of contestant, the contestee appeals.   Affirmed.

*Mr. Fletcher Maddox* and *Mr. J. W. Freeman*, for Appellant.

*Messrs. Stanton & Stanton*, for Respondent.

**MR. JUSTICE HUNT** delivered the opinion of the court.

Pittwood ran against Dowty for alderman of the first ward of the city of Great Falls at a city election held April 3, 1899.   Pittwood was thereafter declared elected.   Dowty then brought this action, under section 2010 *et seq.* of the Code of Civil Procedure, to contest Pittwood's election, upon the ground that Pitwood was ineligible, for the reason that he had not been a resident of the ward for one year preceding his election.   Pittwood moved to strike this allegation from Dowty's statement, but the motion was denied.   Judgment was thereafter entered in favor of respondent, Dowty, and annulling Pitwood's certificate of election.

Pittwood appeals, assigning as error the order of the lower court denying the motion to strike out, and the rendering of

judgment that he (Pittwood) was ineligible, and annulling his certificate of election.   Section 4753 of the Political Code declares that ''no person shall be eligible to the office of alderman unless he shall be a taxpaying freeholder within the limits of the city and a resident of the ward so electing him, for at least one year preceding such election." The Compiled Statutes of 1887 contained a section (365), in effect like ·section 4723 of the new Codes of 1895, *supra.* Section 365 referred to was one of the Act of March 10, 1887, which was Chapter XXII., of the Compiled Statutes. (Comp. St. 1887, Fifth Division, § 315 *et seq.*) By an act entitled ''An act to amend an act relating to the formation of municipal corporations," approved September 14, 1887, (Laws 15th Ex. Sess. 1887, p. 62), section 365 was amended by omitting the qualification that required an alderman to be a freeholder. Later amendments, in 1889 and 1893, to the municipal corporation statutes are not pertinent to the matter under examination. Then came the passage of the Political Code, on February 25, 1895, section 17 of which is as follows:

''No statute, law, or rule is continued in force because it is consistent with the provisions of this Code on the same subject; but in all cases provided for by this Code all statutes, laws and rules heretofore in force in this state, whether consistent or not with the provisions of this Code, unless expressly continued in force by it, are repealed and abrogated. This repeal or abrogation does not revive any former law heretofore repealed, nor does it affect any right already existing or accrued, or any action or proceeding already taken, except as in this Code provided, nor does it affect any private statute not expressly repealed."

Afterwards, on March 7, 1895, the legislature passed an act entitled ''An act to amend sections 364 and 365 of the fifth division of the Compiled Statutes of Montana and the amendments thereto, approved September 14, 1887." Section 2 of this act just referred to is the present section 4753, *supra,* Political Code. Pittwood argues from these facts that section 4753 is void, because section 365 of the Compiled Stat-

utes, which is sought to amend, had been repealed by the adoption of the Political Code, on February 25, 1895,—10 days prior to the enactment of section 4753. Section 292, Political Code, provides that an act amending a section of an act repealed is void.

Section 17 quoted, of the new Political Code, did not repeal the whole of the Compiled Statutes, or of the statutes which were in force, but only such statutes as were inconsistent, or were not consistent, with the provisions of the new Codes *on the same subject*, except where the new Codes expressly continued the old statutes in force. Now, section 4752 of the Political Code of 1895, providing that no person is eligible to any municipal office, elective or appointive, who is not a citizen of the United States, and who has not resided in the town or city for at least two years immediately preceding his election or appointment, and is not a qualified elector thereof, fixed the qualifications of all persons to hold any municipal office. The section was one upon the same subject as section 365 of the Compiled Statutes,—that is to say, it covered the question of the qualifications to hold *any* municipal office; and, if the Political Code had gone into effect from the date of its passage, Code, § 4753, would have, undoubtedly, been a repeal of section 365 of the Compiled Statutes. But there is also a further provision to be considered (section 5160 of the Political Code), which is as follows:

"With relation to the laws passed at the session of the legislative assembly at which the Political Code, Civil Code, Code of Civil Procedure and Penal Code, are passed, such Codes must be construed as though each had been passed on the last day of the session."

This provision bears directly upon the question before us, inasmuch as section 4753 was part of an act passed at the session of the legislative assembly at which the Political Code was passed, and therefore the Political Code is to be construed as though it had been passed on the last day of the session of 1895, which was March 7, 1895, when section 4753 also became a law. From this it follows that under no cir-

cumstances could section 17, *supra*, of the Political Code have repealed and abrogated section 365 of the Compiled Statutes before the last day of the session.    But, furthermore, section 2 of the Political Code provides that that Code should take effect at 12 o'clock noon, the 1st day of July, 1895.    Before then it was inoperative upon existing laws; so that section 17 *supra* could have had no effect before July 1, 1895; nor could section 292, relating to amendments.    This being true, the Compiled Statutes were the laws in effect and controlling on March 7, 1895, when the act of which section 4753 is a section was passed, and by section 5182 of the Political Code these laws remained in effect until July 1, 1895, when the new Codes and the acts of the third and fourth sessions of the legislative assembly, amendatory thereof, went into force, and swept away all other statutes of a general nautre existing and in force prior to July 1, 1895.

From this it must follow that the act of March 7, 1895, amending section 365 of the Compiled Statutes of 1887, was a valid amendment to an existing law; and, as we hold said act is not in conflict with sections 23 and 25 of Article V. of the constitution, it therefore became, under the provisions of the act approved March 13, 1895, (section 5180 *et seq.*, Political Code), part of the Codes of the state, effective on and after July 1, 1895.    Patient examination of all the statutes cited and others forces us to adopt this construction, support for which we also find in the principles heretofore applied in the cases of *State ex rel. Aachen* v. *Rotwitt*, 17 Mont. 41, 41 Pac. 1004; *Steele* v. *Gilpatrick*, 18 Mont. 453, 45 Pac. 1089; *Proctor* v. *Cascade County*, 20 Mont. 315, 50 Pac. 1017, and *Jobb* v. *Meagher County*, 20 Mont. 424, 51 Pac. 1034.

2.    Appellant had been a resident of the ward for less than five months immediately preceding the city election.    It is urged in his behalf that section 4753 does not require that the year's residence provided for be a year *immediately* preceding the election, but that the law is satisfied by a residence of a year *some time* before an alderman's election.    We cannot agree to this construction; for, in our opinion, it is against

the intention of the legislative assembly, which, in adopting the statute, never meant to depart from the underlying principle pervading all government in our form of securing representation by one who has resided a length of time in the locality from which he is chosen to act in a representative capacity, and that such residence should be immediately prior to his election.   Our opinion as to the meaning of the statute in this respect is strengthened by examining section 4722 of Title III. of the Political Code, pertaining to cities and towns, which prescribes that electors of an incorporated city, in addition to other qualifications, shall have resided within the limits of the city for six months, and in the ward in which they vote for thirty days, "preceding the election," while section 4755 provides that all qualified electors who have resided in the city for six months and in the ward for thirty days "next preceding the election" are entitled to vote at any municipal election.   Comparison of these sections demonstrates that the expressions "preceding the election" and "next preceding the election" were used as equivalent in meaning, and, in our judgment, they were so used in sections 4752 and 4753.

The judgment must be affirmed.            *Affirmed.*