STATE EX REL. McGINNISS, APPELLANT, *v.* DICKINSON, RESPONDENT.

(No. 1,436.)

(Submitted March 12, 1902.  Decided April 7, 1902.)

*County Auditor—Creation of Office—Statutes—Repeal.*

The office of county auditor in counties below the third class was abolished by Act of March 18, 1895 (Political Code, Sec. 4312), which amended the original Code Section 2922, and repealed in part Section 1 of the Act of March 7, 1891 (Political Code, Sec. 4560), hence Missoula county was not entitled to elect an auditor in 1898.

*Appeal from District Court, Missoula County; Frank Woody, Judge.*

MANDAMUS by the state, on the relation of James McGinniss, against W. H. H. Dickinson, clerk and recorder of Missoula county.  From a judgment for defendant, relator appeals. Affirmed.

*Messrs. Marshall, Stiff & Ranft,* for Appellant.

*Mr. C. B. Nolan, Attorney General,* for Respondent.

MR. JUSTICE PIGOTT delivered the opinion of the court.

At an election held in Missoula county on November 8, 1898, the plaintiff received a majority of the votes cast for

auditor of that county, and the board of canvassers so declared. The plaintiff then demanded of the defendant, the county clerk, a certificate of election. This the defendant refused to issue, placing his refusal upon the ground that there was no such officer as county auditor for Missoula county. Thereupon the plaintiff brought this proceeding in *mandamus* to compel the issuance of a certificate of his election. It appeared that on the 7th day of March, 1891, and for at least a year thereafter, the assessed valuation of the property in Missoula county exceeded eight million dollars, but that on September 6, 1897, the board of county commissioners, by an order made under the authority of Sections 4328 and 4331 of the Political Code, declared Missoula county to be a county of the fifth class, having an assessed valuation of more than six million and less than eight million dollars; and that it still remained a county of the fifth class at the time this proceeding was begun. The parties agreed that if the county was entitled to an auditor for the two years beginning with the first Monday of January, 1899, the plaintiff was entitled to a peremptory writ of mandate as prayed for. Judgment was entered for the defendant, and the plaintiff appeals.

Was Missoula county entitled to elect an auditor in 1898? This is the single question presented for decision, and we think it must be answered in the negative. The office of county auditor is not expressly provided for in the constitution; that instrument is silent upon the subject. (Section 5 of Article XVI.) If authority be requisite for the creation of the office, such authority may be found in Section 6 of Article XVI, which ordains that "the legislative assembly may provide for the election or appointment of such other county * * * officers as public convenience may require and their terms of office shall be as prescribed by law * * *." By an Act passed at the second session of the legislative assembly, and approved March 7, 1891, the office of county auditor was created, Sections 1 and 2 providing that "the office of county auditor is hereby created, and the same shall exist in all coun-

ties in the state of Montana which now have, or those which may hereafter acquire, a total assessment of not less than eight million dollars  *  *  *.  There shall be elected in and for each county having the necessary assessable valuation as hereinbefore stated, at the general election to be held in November, 1892, and quadrenially [biennially]" thereafter, an auditor. (Laws of 1891, pp. 227, 228.)  At the time this Act was passed, Missoula county had a total assessment of more than eight million dollars, and was, therefore, entitled to an auditor; and we assume for the purposes of this case (but do not decide) that the design of the Act was to require counties entitled to auditors on March 7, 1891, to elect them after the assessed valuation had fallen below eight million dollars.

That the legislative assembly, having created the office, had the authority to abolish it or to restrict it to counties of a certain class, must be conceded.  The office was and is subject to the control of its creator.  Did the legislative assembly deprive Missoula county of the office of county auditor?  At the fourth session of the legislative assembly of the state, held in 1895, the Political Code was acted upon by the legislature as it had been reported by the code commission.  It was passed in the form reported and as a whole, and was approved February 25, 1895.  (*Jobb* v. *County of Meagher,* 20 Mont. 424, 51 Pac. 1034.)  Section 2922 of the Code as originally passed reads: "The officers of a county are a treasurer, a county clerk, a clerk of the district court, a sheriff, a county attorney, a surveyor, a coroner, a public administrator, an assessor, a county superintendent of common schools, a board of county commissioners."  This section omits any reference to county auditor; but by Acts approved March 13, 1895, and incorporated in the Political Code as Sections 5181 to 5186, inclusive (Senate Bill 102 and House Bill 374, Laws of the Fourth Session, 1895), the Act of March 7, 1891, which created the office of county auditor, and the Acts of the Third and Fourth sessions of the legislative assembly of the state of Montana, were declared to be and remain in full force and effect in like manner

as if enacted after the adoption of the several Codes. (Sec. 5181; Sec. 1, Senate Bill 102.) The Act of March 7, 1891, appears as Sections 4560 to 4570, inclusive, of the Political Code as compiled by the commissioner in accordance with Title V of Part V of that Code (Act of March 7, 1895, Secs. 5190-5193). Section 5183, *supra* (House Bill 374, Sec. 1), provides that all Acts and parts of Acts enumerated in that Act "are, and the same are hereby declared to be, parts of the Political Code, * * *." Among the Acts so enumerated is the Act of March 7, 1891, creating the office of county auditor. In so far as the Acts enumerated conflicted with or were inconsistent with any of the original provisions of the Code, the Acts or parts of Acts so enumerated were to be considered and construed as amendments to the Code with the provisions of which they conflicted or were inconsistent (Sec. 5184, *supra;* House Bill 374, Sec. 2). Hence the Act of March 7, 1891, must, in respect of the office of county auditor, be deemed an amendment to Section 2922, *supra,* of the original Code. But on March 18, 1895, an Act entitled "An Act to amend Sections 2922, 2938, 2939, 2940, and 2941, of the Political Code of the state of Montana," was approved, providing that "the officers of a county are: a treasurer; a county clerk; a clerk of the district court; a sheriff; a county auditor, except in the fourth, fifth, sixth, seventh, and eighth class counties; county attorney; surveyor; coroner; public administrator; assessor; county superintendent of common schools; board of county commissioners." (Sec. 4312, Political Code.) On the same day an Act was approved which classified the counties, and put into the third class all counties having an assessed valuation of more than ten and less than fifteen million dollars, and into the fifth class all counties having an assessed valuation of more than six and less than eight million dollars. (Sec. 4328, Political Code.) These Acts were passed by the Fourth legislative assembly. Sections 5181 and 5182, *supra,* are Sections 1 and 2 of the Act of March 13, 1895, Senate Bill 102. Sections 5183, 5184, 5185, and 5186, *supra,* are Sections 1, 2, 3, and 4

of the Act of March 13, 1895, House Bill 374, entitled "An
Act declaring what Acts or parts of Acts passed by the Second
and Third legislative assemblies of the state of Montana, not
embodied in the Political Code, the Code of Civil Procedure,
the Civil Code and the Penal Code, shall continue in force,
and repealing all other Acts or parts of Acts of the said legis-
lative assemblies, and declaring the construction to be placed
upon the Acts of the Second, Third, and Fourth legislative
assemblies, with reference to each other and with reference
to the provisions of the Codes, and providing for the compila-
tion of certain Acts of the Second and Third legislative as-
semblies, and the Acts of the Fourth legislative assembly in
the Codes." By Section 3 of the Act (House Bill 374), ap-
proved March 13, 1895 (the section being carried into the
compiled Code as Section 5185), it was provided that if any
of the Acts or parts of Acts enumerated and declared by Sec-
tion 4 (carried into the compiled Code as Section 5186) to be
in full force and effect, "are in conflict with or are inconsistent
with, any Act or Acts passed by the Fourth Legislative Assem-
bly of the State of Montana, the Acts and parts of Acts passed
by the Fourth Legislative Assembly shall be considered and
construed as repealing such Acts or parts of Acts herein enu-
merated." The Act of March 7, 1891, entitled: "An Act to
create the Office of County Auditor," is, as we have already
observed, one of the Acts so enumerated and declared to be in
effect. Now, the Act of March 18, 1895 (Section 4312,
*supra*), was, we repeat, an Act of the Fourth Legislative As-
sembly. It prescribed that there should be a county auditor
in all counties except in those of the fourth, fifth, sixth, sev-
enth and eighth classes, thereby depriving of an auditor every
county not having an assessed valuation in excess of ten million
dollars. This Act of March 18, 1895, must be considered as
having repealed so much of the Act of March 7, 1891, as was
in conflict with its provisions. The office of county auditor in
counties below the third class was certainly abolished by the
Act of March 18, 1895, which amended the original Code

Section 2922, *supra,* and repealed in part Section 1 of the Act of March 7, 1891—Section 1 being Section 4560, *supra,* of the Political Code.

It follows therefore that Missoula county was not entitled to elect an auditor in 1898, and that the judgment dismissing the proceeding in *mandamus* must be affirmed. It is so ordered.