CHOWEN, APPELLANT, v. PHELPS ET AL., RESPONDENTS.

(No. 1,445.)

(Submitted April 16, 1902.   Decided May 26, 1902.)

*Money Had and Received—Trusts—Limitations—Fraud and Mistake — Express Trusts—Manner of Creation — Suit to Enforce—Complaint—Costs.*

1.  Plaintiff's son, who owned a part interest in common in certain real estate, conveyed his interest to D., who was also a part owner, under an oral agreement between the owners that it should be held and sold by D. as trustee.   Thereafter the son sold and conveyed his interest to plaintiff, who conveyed to D. under a similar trust arranged with him, and he thereafter conveyed the land to defendant C., who was a part owner, in trust to be held and sold for the benefit of the owners.   The latter sold the property and paid the proceeds to defendant P., who was also a part owner; the plaintiff having no knowledge thereof till within three years of the commencement of an action to require defendants to account, though the land was sold prior to such time.   Defendants had no knowledge that plaintiff had an interest in the land, and there was no evidence showing a trust relation between plaintiff and defendants, or a concealment of the facts by defendants.   *Held*, that the action was for money had and received, barred within three years, under Code of Civil Procedure, Sec. 514, fixing a three-year limitation for actions on contract, account, promise, obligation, or liability, and that there was no fraud or mistake, within the meaning of Act of March 9, 1893, providing that limitations shall not run against actions founded on fraud or mistake till the fraud or mistake is discovered; the defendants owing no duty to plaintiff to notify her of the transaction.

2.  A purchaser of real estate is not chargeable with record notice of a conveyance by the person from whom his vendor had acquired title by a quitclaim deed executed after the execution of the latter deed.

3.  A purchaser of real estate is not chargeable with notice of a trust agreement affecting the land, between his vendor and a person to whom the land had been conveyed by the person selling to the vendor, made after the conveyance to the latter.

4.  An express trust in land can only be created by a conveyance in writing, which is accepted by the grantee, showing the purpose for which the grantee holds the property.

5.  A complaint in an action to enforce an express trust in land must allege a conveyance in writing, accepted by the grantee, which shows the purpose for which the grantee holds the property.

6.  Where plaintiff is entitled to a portion of the proceeds of land sold by the owner of the legal title, no demand is necessary before suit, in order to entitle plaintiff to costs, even though no trust relation exists between the parties.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Susan E. Chowen against Louis G. Phelps and
Timothy E. Collins. From a judgment of nonsuit, plaintiff
appeals. Affirmed.

*Mr. F. A. Merrill,* and *Mr. Ransom Cooper,* for Appellant.

The statute of frauds cannot be invoked in this case because
of the very familiar rule that the statute is only intended to
prevent frauds, and the party intending to claim the benefit of
the statute must deny the transaction or contract and cannot
admit it and then claim that it was void because not in writing.
In this case the defendants in their answers admit the creation
of the trust by alleging that they and Dickerman and H. O.
Chowen, on the 5th day of July, 1893, and prior thereto, were
owners of the land, but that the legal title was held by Dicker-
man, and that Herbert O. Chowen conveyed to plaintiff. Under
the facts in this case a trust arose, or was created, by operation
of law. Such a trust need not be created or declared by any
instrument in writing and may be proved by parol evidence.
(Sec. 218, Fifth Div. Compiled Statutes of 1887; Sec. 1311,
Civil Code; *Lewis* v. *Lindley,* 19 Mont. 422; *Muller* v. *Buyck,*
12 Mont. 369.) Phelps became a trustee for plaintiff to the
extent to which he received her share of the trust fund. (Secs.
2952, 2958, 2959, 2990, Civil Code.) The defendants' im-
proper interference with and disposition of plaintiff's share
of the trust fund was a fraud as to her. (Sec. 2976, Civil
Code; 36 Lawyers' Reports, Annotated, 84.)

Plaintiff's action is an action for relief on the ground of
fraud, and is not provided for in Section 514, but is provided
for in Section 513. The court cannot ignore the fact that al-
though the legislature has in Section 514 provided a period
for bringing actions on an obligation or liability not founded
on an instrument in writing, it has also elsewhere expressly
provided a different period for bringing action for relief on the
ground of fraud. It must be assumed that the legislature
meant something by this, and that in the latter case Section
514 was not intended to apply, whether the defendants' obliga-

tion or liability is or is not founded on an instrument in writing.

The statute of limitations has not been properly pleaded. The defense of the statute of limitations is a personal privilege and must be taken advantage of by demurrer or answer, otherwise it is deemed to be waived. (*Kelly* v. *Kriess,* 68 Cal. 210; *Reagan* v. *Justices' Court,* 75 Cal. 253; and see Secs. 558 and 749, Code of Civil Procedure.) The only attempt by the defendants to plead the statutes of limitations was by reference to Subdivision 1 of Section 514 of the Code of Civil Procedure. The cause of action in this case does not come within the provisions of that subdivision or section, but is provided for elsewhere, and so defendants cannot have the benefit of any statute of limitation not pleaded by them. (*Stewart* v. *Budd,* 7 Mont. 573; *Manning* v. *Dallas,* 73 Cal. 420.) If the defendants had properly pleaded the statute of limitations it would then have been necessary for them to establish the facts showing that the plaintiff's cause of action was barred by the statute. The action being an action for relief on the ground of fraud, the statute would not commence to run until the discovery by plaintiff of the facts constituting the fraud.

It is immaterial in this case whether the action is legal or equitable, for even in jurisdictions where the distinction between legal and equitable actions is maintained, the rule is that in an action at law to recover money it is competent to show by oral evidence that the money is a trust fund, and in such case the action is of an equitable character and the rules of equity regarding the admission of evidence should prevail. (*Minchin* v. *Minchin,* 32 N. E. Rep., 165 Mass.)

The defendants in this case having appeared and answered, the plaintiff is entitled to any relief to which she has shown herself entitled regardless of her prayer.

*Messrs. Clayberg & Gunn,* and *Mr. W. W. Phelps,* for Respondents.

MR. JUSTICE MILBURN delivered the opinion of the court.

Plaintiff sued the defendants to recover the sum of $5,625 and interest "from the month of April, 1895." The court, on motion of defendants, entered an order of nonsuit. Plaintiff appeals from the judgment of dismissal, which gave defendants their costs.

On March 22, 1898, the plaintiff commenced suit by filing her complaint, wherein she alleged that on and prior to August 7, 1893, she was the owner of an undivided one-fourth interest in certain real estate in Great Falls, Montana; that her co-owners were the defendants and A. E. Dickerman, each owning a part equal to hers: that, while these four persons owned the property, they mutually agreed to convey the same "to the defendant Collins in trust, to be kept and held by him for them, and to be conveyed by him for the equal and mutual use and benefit of the plaintiff and her said co-owners to such persons and on such terms as she and they should thereafter agree upon, and that the plaintiff should have and be paid out of the proceeds of any sale of said lands    *    *    *    one-quarter of the sum for which said lands should be sold;" that in pursuance of said agreement the lands were by proper deeds of conveyance conveyed to the defendant Collins in trust for the uses and purposes agreed upon; that on January 15, 1894, a certain part of said real estate was, without the knowledge or consent of the plaintiff, sold and conveyed to the city of Great Falls for the sum of $22,500, the warrants in payment being drawn thereupon payable to the defendant Collins; that on January 17, 1894, the defendants caused the money payable on said warrants to be paid to defendant Phelps; that Phelps knew then of the interest of plaintiff in the funds and her alleged right to share therein; that until April, 1895, the plaintiff had no knowledge that any of said sum had been received by Phelps; that frequently since April, 1895, she demanded of Phelps and Collins that they, and each of them, account to her for and pay

her share to her out of the proceeds of the sale; and that each at all times refused, and still refuses, to pay her any part of the money.

By answers duly filed the defendants denied that there was any agreement or understanding whatever between the defendants, or either of them, and the plaintiff; admitted that the land was sold for the sum named, but denied that the money was paid to the defendant Phelps with any knowledge whatever on his part as to any interest whatever in the property or the proceeds, as alleged by plaintiff; admitted that the plaintiff had not received any of the said money; averred that on and prior to July 5, 1893, Herbert O. Chowen, who is the son of plaintiff, one A. E. Dickerman, defendant Collins, and defendant Phelps each owned a one-fourth interest in the whole property; and say that on December 16, 1891, Dickerman, who then held the legal title, mortgaged the said property to secure a note for $16,000, the note being for money borrowed for the use of the four persons last above named, and being signed by Dickerman and indorsed by the three others; that after the execution of the mortgage, which was not recorded, said Herbert O. Chowen executed and delivered to the plaintiff a certain quitclaim deed for said premises; that prior to the date of this quitclaim deed, and prior to the making of the mortgage, said Herbert O. Chowen conveyed all his interest in the premises by quitclaim deed to said Dickerman; that no consideration was paid by plaintiff to Herbert O. Chowen for the transfer to her; that at the time of the execution of the quitclaim deed to the plaintiff she knew of the mortgage; that all the proceeds of said sale were necessary to pay, and were paid, to settle mortgage and expenses of sale; that they did not have any knowledge at the time of the sale or of the disbursing of the money that plaintiff claimed any interest in the property; and that the money was paid out by Collins.

The cause was tried to a jury. The following deeds were introduced: A quitclaim deed, dated December 10, 1891, from Herbert O. Chowen and wife to said Dickerman, consideration

$1, conveying their interest in all of the property mentioned; a quitclaim deed, dated July 5, 1893, from Herbert O. Chowen and wife to plaintiff, consideration $7,500, conveying all their interest in the said property; and a quitclaim deed, dated August 7, 1893, from plaintiff to Dickerman, consideration $1, for said property.

Dickerman testified to an oral agreement with Herbert O. Chowen, Phelps, and Collins, by which he (Dickerman) was to hold the land as trustee and sell it. He conveyed to Collins for the same purpose. When he conveyed to Collins, he (Dickerman) knew of the interest of plaintiff. To the best of his recollection, witness had no talk with defendants in regard to her interest prior to the sale.

Herbert O. Chowen testified to the same effect as to the agreement made orally. He notified the plaintiff of the agreement. He sold all his interest to her.

Plaintiff testified that there was no agreement in writing with Dickerman as to how the land was to be disposed of by him; she never got any part of the proceeds of the sale; she could not tell when she first learned of the sale, or when the money was paid; she learned from a letter from Phelps what disposition had been made of the money; she did not give the date of the letter, or when she received it; she knew, late in the summer of 1893, that they were talking of selling the land for a park; and she noticed in the papers, in the fall of 1893, that the property had been sold or was to be sold. The letter was received in answer to one written by her to Phelps.

Herbert O. Chowen also testified that before the commencement of this action he, as attorney in fact for the plaintiff, demanded her share of the proceeds of the sale. Several times they refused to pay or account as requested, until plaintiff wrote to Phelps, and then he answered.

Plaintiff resting, the defendants moved the court for a nonsuit upon the following grounds: "That it is alleged in the complaint that 'on or about the 17th day of January, 1894, the defendants Phelps and Collins, without the

knowledge or consent of the plaintiff, caused and procured the $22,500 payable on said warrants to be paid to the defendant Phelps in payment of said warrants and as payment by said city for said lands, and said sum was on said day so paid to and received by said Phelps at his instance and request;' and it further appearing that this action was not commenced until March 22, 1898, or more than three years after the alleged receipt and collection of this money and the cause of action had accrued, the cause of action is barred by Subdivision 1 of Section 514 of the Code of Civil Procedure of Montana.  *  *  *"  The motion was sustained by the court.

The questions which present themselves in this case are difficult.  They are not all discussed in the briefs of counsel.  The authorities conflict with each other, and the courts of several states conflict with themselves.

There was no evidence whatever that there was any trust relation between the plaintiff and the defendants.  There was nothing proven, or attempted to be proven, tending to show that either of the two defendants knew of the plaintiff having any interest in the property or the proceeds of the sale thereof. The evidence shows that after Herbert O. Chowen conveyed his interest to Dickerman, he (Chowen) made a quitclaim deed to plaintiff, and plaintiff made a quitclaim deed to Dickerman, and that thereafter Dickerman conveyed by quitclaim deed to Collins.

Collins was not in reason or law expected or required to examine the public record of deeds to see what, if anything, Herbert O. Chowen had done in regard to the property after he had conveyed all his legal title to Dickerman, who thereafter conveyed all of the property to Collins. He (Collins) was not charged with knowledge of the quitclaim deed to plaintiff, or of the quitclaim deed from plaintiff to Dickerman.  Neither he nor Phelps, without any knowledge of an interest in plaintiff, was charged with any duty to notify plaintiff.  She had ample means, as appears from the evidence, to learn the situation.  Her right

of action against the defendants, if she had any, commenced from the time that they, or either of them, collected the money. Even if Collins could be charged with constructive, or with any, knowledge of the deed from plaintiff to Dickerman, he certainly was not charged, because of said deed, with any knowledge of any oral contract between Dickerman and the plaintiff. There was no breach of duty to her. She had a duty to herself to perform, and that was to notify the defendants of her rights, if any she had, and to demand her share of the proceeds, if she had a right to them. The money was money had and received for the owners. It was received in January, 1894. This suit was commenced in March, 1898.

It is contended that this is a case of fraud and mistake, if anything, and that it would fall under Act of March 9, 1893, amending Section 42 of the Code of Civil Procedure (Compiled Statutes), and continued in operation under Section 5186 of the Political Code, and that it could not fall under Section 514 of the Code of Civil Procedure of 1895, as stated in the motion for a nonsuit. We do not think that the Act of 1893 applies. It does not seem to be "an action for relief on the ground of fraud and mistake," in which case the "cause of action * * * is not deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud or mistake." It is apparent from the complaint that the plaintiff ratified the sale of the part of the lands sold, and that she simply is demanding money had and received, as she alleges, for her use. According to the allegations of the complaint, including the ratification, the defendant Collins was lawfully in possession of the money; but it does not appear that he held it under an express trust. To create an express trust, there must be a conveyance in writing showing the purpose for which the grantee holds the property, and there must be an acceptance by him. A complaint declaring upon an express trust must show both. "Except in those cases in which the agent stands in the position of a trustee under an express trust, or has been guilty of actual fraud in concealing his liability to his

principal, there is no good reason," says Mr. Wood, in his work on Statutes of Limitations (volume 1, p. 348), "why the statute of limitations should not commence to run in his favor after the lapse of a reasonable time in which to give notice to his principal." In the case set up in the complaint there is no express trust alleged. There is no concealment stated. The action as stated in the complaint is one in *assumpsit.* If the allegations of the complaint were true, then the duty of the defendants, if they got the money, was to pay her share to the plaintiff. Failure in-such duty was a breach, such as would give an immediate right of action without necessity of demand.

Is this a case in which demand is necessary before suit, thus to save costs to the debtor? We think not. If the debtor fail in his duty, he cannot complain because demand is not made before suit, with attendant costs, is commenced. If it be one's duty, within a reasonable time after its receipt, to pay over money belonging to another, then the debtor cannot at the same time have the privilege or right to wait for demand. Duty to do at once a certain thing, and privilege to wait for a demand before doing, cannot coexist in the same person. The right of action accrues when the duty commences, unless, perhaps, the person owing the duty conceal from the beneficiary the happening of the very thing upon the happening of which the right of action would accrue. As we have said, no concealment is alleged in the complaint in this case.

Thus we have, under the pleadings, evidence, and briefs, only the question submitted, to-wit: If the statute of limitations run in such a case, is it that part of the Act of 1893, *supra* (similar to Subsection 4, Section 513, Code of Civil Procedure), or Subsection 1, Section 514 of the Code of Civil Procedure? The latter was relied upon in the motion for nonsuit and in the answers. The former is declared by the plaintiff to be the only section to be invoked, if any. We believe that Subsection 1 of Section 514 of the Code of Civil Procedure applies.

There was not anything in the evidence to show any under-

standing or agreement between plaintiff and defendants. There was not anything alleged or proven showing any concealment on the part of the defendants, or either of them.

The answer properly pleaded the statute of limitations, and it was apparent from the case as made by plaintiff that the plea was good, and the cause was properly dismissed on motion for nonsuit.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY: I concur.

MR. JUSTICE PIGOTT: Although I do not agree with all that is said in the foregoing opinion, I concur in the judgment of affirmance.