CITY OF HELENA, APPELLANT, *v.* ROGAN ET AL., RESPONDENTS.

(No. 1,684.)

ON MOTION FOR REHEARING.

(Submitted June 9, 1902. Decided July 21, 1902.)

*Municipal Corporations—Water Supply—Eminent Domain— Consent of Owner—Pleading and Proof—Statutory Construction.*

1.  Since the amendment of the Political Code of 1895, Sec. 4800, by Session Laws of 1897, p. 203, to read as in such Act provided, and omitting the provisions of such section and of the Act of March 7, 1893, requiring a

city, before condemnation proceedings to acquire title to property for a water supply, to endeavor to agree with owners of such property for the purchase thereof, in proceedings by a city to condemn property for such purpose it is not necessary to allege or prove that the city had endeavored to obtain the consent of the owners of the property to the taking thereof.

2. Where a provision of a statute is amended by an Act using the words "to read as follows," it must be the intention of the lawmakers to make the amendment a substitute for the old provision, and to have it take its place exclusively.

Motion for rehearing. Denied.

For former opinion, see 26 Montana, p. 452, 68 Pac. 798.

MR. JUSTICE MILBURN delivered the opinion of the court.

This cause is before us on motion of the appellant for a rehearing. It is contended that we erred in what is held in the opinion (26 Mont. 452, 68 Pac. 798) respecting the necessity of sufficiently describing the property to be taken. We have carefully considered the able brief of counsel, but do not see any reason why we should modify anything we have said upon this matter.

A question was submitted in the briefs of counsel which was not discussed in the opinion, and we are asked to pass upon it now. It is this: Is it necessary to allege and prove that, before beginning suit to condemn the property, appellant endeavored to obtain the consent of the several defendants to take the same for the intended purpose? The laws of this state as they are now, and were when the suit was commenced, do not and did not require such an allegation to be made. In the absence of any authority supporting any contention that such allegation or proof must be made, and there being no such requirement in our Code as amended by the session laws, we hold that it is not necessary to allege or prove that appellant negotiated with the defendants for a cession to it of the property which it seeks to obtain under the law of eminent domain. There are many authorities which hold that such an allegation, with proof if the allegation be traversed by answer, is necessary to be made; but such authorities seem all to be in states where laws require such attempts to obtain the consent of the owners to be made

prior to suit; we find none which hold thus in the absence of such requirement of statute. Upon principle, we do not see that such allegation or proof need be made. The owner of the property owes no duty to the would-be taker thereof. He therefore cannot be put in the wrong. No tender is necessary. He cannot be taxed with costs. If the suit be just, and plaintiff prevail, then the law presumes that a just and reasonable compensation will be made to each owner under the direction of the court.

The case of *Glass* v. *Basin Mining & Concentrating Co.*, 22 Mont. 151, 55 Pac. 1047, cited *contra,* is not in point, as that case was decided under the law, then in force, requiring a mine owner, under Section 1497, of the Fifth Division of the Compiled Statutes of 1887, to make an attempt to come to an agreement with the owner of certain land over which he wished to run a ditch, before he could exercise his right to construct such ditch over the land, against the will of the owner, in the way provided by law. In the case before us there is not now, as we have said, any such condition precedent to the bringing of the suit to condemn.

The Political Code of 1895 (Section 4800), prescribing the powers of cities, was amended by House Bill No. 203 (Session Laws of 1897, p. 203), entitled "An Act to amend Section 4800 of the Political Code relative to legislative powers of cities and to enable cities and towns to acquire by purchase, construction or condemnation proceedings water plants, water supplies, franchises, public buildings and sewers." The phrase, "so as to read as follows," was used by the legislature in the enactment of the bill. The Act of March 7, 1893 (Session Laws, 1893, p. 113), was one of the Acts enumerated in Sections 5183 and 5184 of the Political Code, continuing in force certain Acts or parts of Acts. The subject-matter of the powers of city governments in respect of acquiring water, water plants, water works, and the like, conferred in the Act of 1893 and Section 4800, is covered and revised in the Act of 1897. Revision of statutes implies a reexamination of them. A revision is intended to take the place of the law as previously formulated, and operates to repeal it.

Where a provision is amended by an Act using the words "to read as follows," it must be the intention of the lawmakers to make the amendment a substitute for the old provision, and to have it take its place exclusively. (Sutherland on St. Const. (Ed. 1891), Sec. 154; *Territory* v. *Ashby,* 2 Mont. at page 94; *Proctor* v. *Cascade Co.,* 20 Mont. 315, 50 Pac. 1017.) In the statute of 1897 (Session Laws, 1897, p. 203), there is not anything requiring such attempt to agree with the owner, and therefore there is no such requirement.

The motion for rehearing is denied.

*Denied.*