PALATINE   INSURANCE   COMPANY,   APPELLANT,   *v.*
NORTHERN PACIFIC RAILWAY COMPANY, RESPOND-
ENT.

(No. 2,239.)

(Submitted March 3, 1906. Decided June 4, 1906.)

*Constitutional Law—Statutes—Passage of Bills—Limitations—
Legislative Amendments—Evidence.*

Enactment of Statutes—Constitution—Limitations.
  1.  Under Constitution, Article V, section 24, requiring, among other
  things, that no bill shall become a law unless the names of the mem-
  bers in each House voting be entered on the journal, the Act of March
  11, 1901 (Laws 1901, p. 157), relating to "the limitation of time"
  within which actions may be brought," did not become a law, it appear-
  ing from the journal of the Senate that the names of the members of that
  branch of the Seventh Legislative Assembly voting on the measure
  were not entered on the journal.

Enactment of Statutes—Constitution—Evidence.
  2.  The journal of either House of the legislature imports verity,
  and may be looked to to determine whether or not a bill, valid on
  its face, signed by the presiding officer of each House, approved
  by the governor and deposited in the office of the Secretary of State,
  was in fact passed in compliance with the requirements of section 24,
  Article V of the Constitution.

Statutes—Amendment by Title—Constitution.
  3.  Held, that section 524 of the Code of Civil Procedure, being Act
  of 1893, approved March 9, relating to the limitation of time within
  which certain actions must be brought, made a part of the Codes of 1895
  by section 5186, was not an amendment of the Act of 1893, but
  recognized as the law of the land by the legislature and simply con-
  tinued in force as such, and that therefore section 25, Article V of the
  Constitution providing that no bill shall be amended by title only has
  no application.

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

ACTION by the Palatine Insurance Company, Limited, of
Manchester, England, against the Northern Pacific Railway Com-
pany. From a judgment in favor of the defendant, plaintiff
appeals. Affirmed.

*Mr. W. T. Pigott,* and *Mr. R. R. Purcell,* for Respondent.

The Act of March 11, 1901 (Laws 1901, p. 157), was an en-
rolled bill, was signed by the proper presiding officers, was

approved by the governor, and was deposited and filed with the Secretary of State. These facts appear upon the face of the bill. From these facts arises the conclusive presumption of regular enactment. The omission from the Senate journal of a statement that the bill was passed and of the names of the members voting cannot be used to rebut such presumption. (*State* v. *Long,* 21 Mont. 26, 52 Pac. 645, approved in *Durfee* v. *Harper,* 22 Mont. 354-362, 56 Pac. 582.)

In the case first cited this court adopted the rule declared by the supreme court of Washington in *State ex rel. Reed* v. *Jones,* 6 Wash. 452, 34 Pac. 201, 23 L. R. A. 340, and by the supreme court of Missouri. Little can be added to the forceful logic of the opinions in the Washington and Missouri cases, re-enforced, as each is, by the array of authorities and the reason of the thing. We suggest, however, as a further reason why the rule should be followed, that if courts may go behind an enrolled bill to ascertain whether the provisions of section 24 of Article V were complied with, then manifestly courts must go behind such a bill to ascertain whether it was referred to a committee, or whether returned from a committee, or was printed for the use of the members, each of which is required by section 22 of Article V of the Constitution. (*Feld* v. *Clark,* 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294; *Yolo County* v. *Colgan,* 132 Cal. 265, 84 Am. St. Rep. 41, 64 Pac. 403; *People* v. *Harlan,* 133 Cal. 16, 65 Pac. 9-12, and the cases cited in *State ex rel. Reed* v. *Jones, supra.*)

The repealing clause of an Act repeals all prior laws and parts of laws inconsistent with its provisions, although those prior laws are not mentioned by title or number. (*Application of Ryan,* 20 Mont. 64, 50 Pac. 129; Cooley's Constitutional Limitations, 183; *Compagnie* v. *State Board of Health,* 51 La. Ann. 645, 72 Am. St. Rep. 458, 25 South. 591, 56 L. R. A. 796, 801, notes; *State* v. *Massey,* 103 N. C. 356, 9 S. E. 632, 4 L. R. A. 309, and notes; *Tuskaloosa Bridge Co.* v. *Olmstead,* 41 Ala. 9; *People* v. *McCallum,* 1 Neb. 182; *Mayor etc.* v. *Trigg,* 46 Mo. 288; 23 Am. & Eng. Ency. of Law, 283, and notes; *District of*

*Columbia* v. *Hutton,* 143 U. S. 18, 12 Sup. Ct. 369, 36 L. Ed. 60.)
Nor does it matter whether the new statute by its title or in the
body of the Act is assumed to be amendatory or not; it is enough
if it clearly has that effect.   (23 Am. & Eng. Ency. of Law,
282; *Smaile* v. *White,* 4 Neb. 353; *Sovereign* v. *State,* 7 Neb.
409; *Stricklett* v. *State,* 31 Neb. 674, 48 N. W. 820; *In re House
Roll,* 31 Neb. 505, 48 N. W. 275.)   Statutes of limitation must
be taken to act prospectively and not retrospectively.   As to
causes in existence when the new statute takes effect, the statute
commences to run when the cause of action is first subjected
to its operation, unless the statute itself, by express language
or necessary implication, declares the legislative will to be other-
wise.   (*Gillette* v. *Hibbard,* 3 Mont. 412; 1 Wood on Limitations,
secs. 9-13.)

*Messrs. Wallace & Donnelly,* for Appellant.

While the rule in *Gillette* v. *Hibbard,* 3 Mont. 412, is un-
doubtedly the rule in a number of states, it is by no means
true that it is the universal rule, even in the absence of such a
statute as section 3456.   On the contrary, many decisions can
be found that statutes of limitations affect all causes of action,
whether in existence when the statutes are enacted or not, and
whether such statutes are by their terms made to act retrospec-
tively or not, the sole condition being that a reasonable time
be allowed in which suit may be begun.   (*Osborne* v. *Lindstrom,*
9 N. Dak. 1, 81 Am. St. Rep. 516, 81 N. W. 72, 46 L. R. A. 717.
See, also, *Lamb* v. *Powder River Live Stock Co.,* 132 Fed. 434,
67 L. R. A. 562, 65 C. C. A. 570; *Gilbert* v. *Ackerman,* 159 N. Y.
118, 53 N. E. 753, 45 L. R. A. 118; *Relyea* v. *Tomahawk Paper
Co.,* 102 Wis. 301, 72 Am. St. Rep. 878, 78 N. W. 412; *Smith*
v. *Packard,* 12 Wis. 371; *Parker* v. *Kane,* 4 Wis. 11, 65 Am. Dec.
283; *Pollard* v. *Tait,* 38 Ga. 439; *Holcombe* v. *Tracy,* 2 Minn.
241; *Bradley* v. *Norris,* 63 Minn. 156, 65 N. W. 357; *O'Brien*
v. *Gaslin,* 20 Neb. 347, 30 N. W. 274; *Marston* v. *Seabury,* 3
N. J. L. 435, 4 Am. Dec. 409; *State* v. *Clark,* 7 Ind. 468; *Samp-
son* v. *Sampson,* 63 Me. 328; *Watson* v. *Forty-second St. etc.*

*Ry. Co.,* 93 N. Y. 522; *Royce* v. *Hurd,* 24 Vt. 620; *McQuesten* v. *Morrill,* 12 Wash. 335, 41 Pac. 56; *Pierce* v. *Tobey,* 5 Met. 168; *Acker* v. *Acker,* 81 N. Y. 143; *Clark* v. *Gibbons,* 83 N. Y. 108.)

The three-year period of limitation is to be reckoned from the date of the accrual of the cause of action. This being so, the only question is whether the period thus allowed between March 9, 1903, and January 21, 1904, was a reasonable period. Clearly, we think it was. This period was ten months and twelve days. In *Guiterman* v. *Wishon,* 21 Mont. 458, 54 Pac. 566, this court held a period of a little less than thirteen months to be a reasonable period. We give below a list of cases from other states with the time which in each of them was held to be reasonable under such circumstances: *Terry* v. *Anderson,* 95 U. S. 625, 24 L. Ed. 365 (nine and one-half months); *Vance* v. *Vance,* 108 U. S. 514, 2 Sup. Ct. 854, 27 L. Ed. 808 (eight and one-half months); *Wheeler* v. *Jackson,* 137 U. S. 245, 11 Sup. Ct. 76, 34 L. Ed. 659 (six months); *Turner* v. *New York,* 168 U. S. 90, 18 Sup. Ct. 38, 42 L. Ed. 392 (six months); *Stine* v. *Bennett,* 13 Minn. 153, Gil. 138 (four and one-half months); *Russell* v. *Akeley Lbr. Co.,* 45 Minn. 376, 48 N. W. 3 (six months); *Bigelow* v. *Bemis,* 2 Allen, 496 (five months); *Smith* v. *Packard,* 12 Wis. 371 (eight and one-half months); *Cameron* v. *Louisville etc. R. R. Co.,* 69 Miss. 78, 10 South. 554 (one year); *Horbach* v. *Miller,* 4 Neb. 31 (four and one-half months); *Myers* v. *Wheelock,* 60 Kan. 747, 57 Pac. 956 (six months); *Power* v. *Kitching,* 10 N. Dak. 254, 88 Am. St. Rep. 691, 76 N. W. 737 (seven months).

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an action arising out of a tort alleged to have been committed by the defendant, a foreign corporation, on January 21, 1901, at the county of Jefferson. Certain buildings, of the value of $500, owned by one Scharf, on which he held a policy of insurance issued by the plaintiff company for that sum, were burned by the defendant. Plaintiff paid the amount of the insurance to Scharf and took an assignment of his right of

action against the defendant.    Defendant refused to pay, and plaintiff sued for the $500.

Among other things, the defendant railway company pleads the statute of limitations: First, in that the action was not commenced within the time limited by section 524 of the Code of Civil Procedure and was therefore barred; secondly, that House Bill No. 75, being entitled "An Act entitled an Act," etc., was never constitutionally enacted, and therefore never became a law of the state of Montana, for that the same was never in fact passed by a majority vote of all the members of the Senate, or by a vote of any members of the Senate, and that an aye and nay vote was never taken in the Senate, and that there was not any name of any member of the Senate, voting for or alleged to have voted on the final passage of said bill, ever entered on the journal of the Senate, and that the journal of the Senate affirmatively shows that said bill was never voted on at all before final passage; and, thirdly, that the action was not commenced within a reasonable time after March 9, 1903, the date of approval of the Act of the eighth legislative assembly, entitled "An Act to amend sections 513, 514 and 524 of the Code of Civil Procedure, and to repeal an Act approved March 11, 1901 (being House Bill No. 75), relating to limitations of actions," and that said cause of action is barred by the provisions of section 524 of the Code of Civil Procedure as amended by said Act approved March 9, 1903 (Laws 1903, p. 292), and particularly by the provisions of subdivision 3 of section 524 as amended by the last-named Act.

As stated in the brief of appellant, the questions involved are: (1) May the journals of the Assembly ever be resorted to for the purpose of showing that an enrolled bill, signed by the presiding officers, perfect on its face, approved by the governor, and duly deposited with the Secretary of State, was not legally enacted?    (2) If the journals may be so examined, then was the bill never a law because of the *omission* in the journal of an entry showing that a vote was had, and the names of the members voting upon the bill?    And (3) if such an enrolled bill be

such conclusive evidence of its regular enactment, the Act of March 11, 1901 (Laws 1901, p. 157), was valid, and the next question is: Was the remedy barred by the provisions of subdivision 3 of section 524 of the Code of Civil Procedure, or of subdivision 3 of the section as amended by the Act of March 9, 1903?

The first question we shall consider is: Is the Act of 1901 void? Section 24, Article V of our Constitution reads as follows: "No bill shall become a law except by a vote of a majority of all the members present in each House, nor unless, on its final passage, the vote be taken by ayes and noes, and the names of those voting be entered on the journal."

Exhibit "A," attached to the answer, is a copy of the journal minutes of the Senate pertaining to the matter of the bill of 1901. It affirmatively appears from an examination of the minutes, which it is admitted are a correct transcript, that there is not any record in the minutes of "the names of those voting." They were never entered. It does not appear from these minutes that the bill was ever passed by the Senate at all. On the contrary, it appears that it was not. The Constitution is the supreme law of this state, if not in contravention of the Constitution of the United States or of valid federal laws or treaties. It is supreme in this case and must be followed and adhered to by this court. The Constitution says: "No bill shall become a law," unless, among other things, "the names of those voting be entered on the journal." It follows logically that the bill did not become a law. There is no escape that we can see from this conclusion.

The courts of the Union are hopelessly divided upon the question as to whether or not the minutes—that is, the journal—of either House of a legislature may be looked into to determine whether or not a bill, valid on its face, signed by each presiding officer, approved by the governor and signed by him and deposited with the Secretary of State in his office, and therefore *prima facie* valid, shall be recognized as a law by the courts, although the journals may show that no such bill was in fact

ever passed by the legislature or either House thereof. The provision of the Constitution to which we refer, in our opinion would be absurd and useless if evidence may not be taken to determine whether or not the will of the people, as expressed in the Constitution, has been obeyed by their servants, the legislators. The journal imports verity. The journal of the Senate here shows that the bill was indefinitely postponed. It also affirmatively shows that the command of the Constitution, to-wit, that the names of those voting should be entered, was not obeyed. We must look to the journal, which in this case is admitted to be correct, and we declare that this bill of 1901 never became a law, for that the names of those voting were not entered on the journal of the Senate. (*Durfee* v. *Harper*, 22 Mont. 354, 56 Pac. 582.) For the authorities *pro* and *con* on the question whether or not the journal may be considered, see *Field* v. *Clark*, 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294, and cases cited in the briefs there set out at length by the reporter, and footnotes referring to each state in the Union. So far as anything in the opinion of *State ex rel. Bray* v. *Long*, 21 Mont. 26, 52 Pac. 645, conflicts with the views herein expressed, what is held in that case is now reversed.

It is not necessary now to consider the Act of 1903 referred to, for the reason that the Act of 1901, which the Act of 1903 attempted to repeal, and the amendment (by the Act of 1903) of section 524, subsection 3, not altering the provision of subsection 3 of the Act of 1893 in any wise, the limitation stood as in 1893, the amendment of 1903 (subsection 3) being merely cumulative, if of any effect at all.

This brings us to a consideration of section 42 of the Code of Civil Procedure of 1887 (Compiled Statutes, 1887, Div. I, p. 69), as amended by Session Laws, 1893, page 50, being now section 524 of the Code of Civil Procedure of 1895. This section 524 is the Act of March 9, 1893, "brought forward" (*Penwell* v. *County Commissioners*, 23 Mont. 357, 59 Pac. 167), or "continued in operation" (*Chowen* v. *Phelps et al.*, 26 Mont. 531, 69 Pac. 54), or "continued in force" (*City of Helena* v. *Rogan*

*et al.,* 27 Mont. 137, 60 Pac. 709), or "retained by section 5186 of the Political Code" (*In re O'Brien,* 29 Mont. 540, 75 Pac. 196). Subsection 3 is the same in section 42 (Compiled Statutes, 1887) in the Act of 1893, and in section 524 of the Code of 1895, and the same language is used in it in fixing the limitation as two years in "an action for taking, detaining or injuring any goods or chattels.  *  *  * "  There is not any point made in this case that possibly the property destroyed by the fire was real estate. It is considered personal property in the pleadings and in the briefs.

The point is made by appellant that section 524 of the Code of Civil Procedure of 1895 is, if anything, an amendment of the Act of 1893, and is void and of no effect, for that it was not enacted in accordance with section 25 of Article V of the Constitution, which provides: "No law shall be revised or amended, or the provisions thereof extended by reference to its title only, but so much thereof as is revised, amended or extended shall be re-enacted and published at length." Our opinion is that the laws passed by the third legislative assembly—that is, of 1893— and referred to in section 5186 of the Political Code, are not amendments to the Code, but the laws of the land at the time of the passage of the Codes, recognized by the legislature to be such, and simply referred to as such as continuing in force, or brought forward from the Session Laws into the Codes, as suggested in the opinions from which the several phrases, such as "brought forward," "continued in operation," etc., are quoted above herein. This court has always treated them as such, and not as amendments. (*Campana* v. *Calderhead,* 17 Mont. 548, 44 Pac. 83, 36 L. R. A. 277; *Steele* v. *Gilpatrick,* 18 Mont. 453, 45 Pac. 1089; *Jobb* v. *County of Meagher,* 20 Mont. 424, 51 Pac. 1034; *Home B. & L. Assn.* v. *Nolan,* 21 Mont. 205, 53 Pac. 738; *Penwell* v. *County Commissioners,* 23 Mont. 351, 59 Pac. 167; *King* v. *Pony Gold Min. Co.,* 24 Mont. 470, 62 Pac. 783; *State* v. *Dickinson,* 26 Mont. 391, 68 Pac. 468; *Chowen* v. *Phelps,* 26 Mont. 524, 69 Pac. 554; *City of Helena*

v. *Rogan,* 27 Mont. 135, 69 Pac. 709; *In re O'Brien,* 29 Mont. 530, 75 Pac. 196.)

A reply was filed admitting the allegations of the answer, except as to its conclusions of law, except, also, that it denied that the action was not brought within a reasonable time after the passage of the Act of 1903. Motion for judgment on the pleadings was made by defendant, which motion was granted. Of course, the court must have held below that the Act of 1901 was invalid, and that the amendment of 1903, so far as subsection 3, under consideration, is concerned, did not change the period of limitation, and that section 524 of the Code of Civil Procedure, being the Act of 1893 amending section 42 of the Code of Civil Procedure of 1887, was in full force and effect, and that the period of limitation, to wit, two years, mentioned in said section 524, had run before the commencement of the action.

In this we think the court was correct. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied, June 16, 1906.