People of the State of Illinois, Plaintiff-Appellee, v. William Hemphill, Defendant-Appellant.

Gen. No. 10,651.

Fourth District.

May 25, 1966.

William Hemphill, pro se, of Menard, appellant.

Charles J. Ryan, State's Attorney of Morgan County, of Jacksonville, for appellee.

TRAPP, P. J.

Under an indictment returned on December 23, 1964, defendant, upon his plea of guilty, was convicted of the crime of murder and sentenced to the penitentiary for not less than 20 nor more than 40 years.

Defendant contends that certain defects in the indictment require an arrest of the judgment, and that he be discharged.

█  The first issue raised is that the indictment failed to state the time and place of the alleged offense as re-

quired by Chap 38, § 111–3 (Ill Rev Stats). Defendant relies upon People v. Blanchett, 55 Ill App2d 141, 204 NE2d 173, decided by this court. The Supreme Court, in People v. Blanchett, 33 Ill2d 527, 212 NE2d 97, has determined the issue contrary to defendant's contentions.

It is next contended that the indictment is fatally defective in that it fails to contain the formal language prescribed in art VI, § 33 of the Constitution of 1870:

"All process shall run: *In the name of the People of the State of Illinois;* and all prosecutions shall be carried on: *In the name and by the authority of the People of the State of Illinois;* and conclude: *Against the peace and dignity of the same. . . .*"

Such requirements are entirely absent from the Judicial Article adopted to become effective on January 1, 1964.

It is argued that there is neither an express nor an implied repeal of such § 33 in the amendment to the Constitution adopted in 1962, effective January 1, 1964, known as the Judicial Article, and that hence, the formal language whereby indictments were required to begin "In the name and by the authority of the People of the State of Illinois," and to conclude, "Against the peace and dignity of the same" remains in effect. Our Supreme Court has, heretofore, determined that such formal language was mandatory in an indictment. The indictment in issue does not include such formal language. There is thus the contention that the indictment is fatally defective and that the defendant must be discharged under the authority of the decisions of the Supreme Court.

The present Judicial Article was voted upon by the people pursuant to House Joint Resolution No. 39, Laws, 1961, in part, as follows:

"*Be It Resolved by the House of Representatives of the Seventy-second General Assembly of the State of Illinois, the Senate concurring herein,* that there shall be submitted to the electors of this State for

147

adoption or rejection . . . . in the manner provided by law, a proposition to amend Article VI of the Constitution, to read as follows: . . . ."

We have examined the several joint resolutions of the Senate and House of Representatives relating to the amendment of Article VI of the Constitution of 1870, considered by those bodies in their sessions in 1953, 1955, 1957 and 1959, as well as the resolution quoted.

Each of the resolutions was in the language:

". . . . in the manner provided by law, a proposition to amend Article VI of the Constitution, *to read as follows:* . . . ." (Emphasis supplied.)

Each of the resolutions omitted reference to any provision for the form of process as was provided in § 33 of art VI, Constitution of 1870, although it may be presumed that the Legislature was aware that the Supreme Court had held such formal language mandatory in an indictment.

In the *Explanatory Statement On The Proposed Judicial Article For The Courts of the State of Illinois,* dated January 1953, and prepared by the Joint Committee on the Judicial Article of the Illinois State Bar Association and the Chicago Bar Association, it is said, at page 101 thereof:

"It will be noted that the proposed article omits § 33, form of process, of the present Judicial Article. It is agreed that questions as to the forms in which process should issue are more properly determined by rules of court than by constitutional provisions."

We find that the report of the Judicial Article Revision Commission, dated April 14, 1953, prepared pursuant to Senate Bill No. 397, made no reference to any constitutional article as to form of process as was set out in § 33, Constitution of 1870, either in the main body of the report or in the statements of the dissenting members.

148

It appears that as a matter of legislative history, the provision for formal language for forms of process was presented to the Legislature as a matter of procedural rather than substantive law and that the Legislature, commencing with Senate Joint Resolution No. 23, introduced April 21, 1953, and in each resolution of the Senate or the House of Representatives dealing with the proposed amendment in the several years noted, including House Joint Resolution No. 39, introduced March 28, 1961, which presented the Constitutional Amendment to the voters of the State and which was adopted by them, omitted any reference to § 33, art VI, Constitution of 1870, and omitted reference to prescribed forms of process as a matter of constitutional law. Again, each of the several resolutions in the Legislature employed the language for amendment of the Constitution:

". . . . in the manner provided by law, a proposition to amend Article VI of the Constitution, to read as follows: . . . ,"

and the amendment was submitted to the voters by such language.

In such context we conclude that the amendment voted upon and adopted reflects a purpose and an intent to adopt a complete and entire constitutional amendment known as the Judicial Article, rather than to alter or modify by either adding to or taking away from art VI, Constitution of 1870. The amendment so adopted thus provides no constitutional requirement for forms of process or formal language in indictments.

By reason of the foregoing, we find no error in the form of indictment or the proceedings in the trial court, and the judgment is affirmed.

Affirmed.

SMITH and CRAVEN, JJ., concur.