THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM HEMPHILL, Defendant-Appellant.

(No. 11958;

Fourth District—December 6, 1972.

John A. Mann, of Thomson & Thomson, of Jacksonville, for appellant.

No appearance for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal from the circuit court of Morgan County. The trial court denied defendant's post-conviction relief and present counsel was appointed to prosecute the appeal. That counsel has filed his motion to withdraw and accompanies the motion with a brief in conformity with *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396. Service of the motion and brief was made on the defendant and the cause continued for 60 days for the defendant to file any further or additional suggestions. He filed a *pro se* motion to strike the attorney's motion for leave to withdraw, and requests the appointment of the Illinois Defender Project in his stead. We consider the motion for leave to withdraw and the motion to strike, together with the record in the case.

■■ The defendant pleaded guilty to murder and was sentenced to a term of 20 to 40 years in the penitentiary after a hearing in aggravation and mitigation. At the time of his plea and sentence, he was represented by counsel of his own choice. We considered his *pro se* appeal in 71 Ill. App.2d 146, 217 N.E.2d 17. For failure to appoint counsel in this court on the first appeal, the case reached us a second time by way of the United States Supreme Court and our Supreme Court. We appointed counsel and again considered the appeal in 96 Ill.App.2d 407, 238 N.E.2d 601. For the third time in this court, the defendant raises the same issue involved in each of those two appeals and we adhere to our holding in each of those cases that the original indictment was valid.

■■ The record indicates that the defendant was fully advised of his rights and of his right to remain silent as the law required it at that time. His charge that statements made by him were coerced by the sheriff and the State's Attorney is refuted by his statement to the trial court that there was no such coercion or promises involved when the guilty plea was entered.

■■ Secondly, he now states that the 20 to 40 year sentence violates the concept of indeterminate sentence. Under the circumstances of this case, we cannot say that the penalty imposed constitutes any great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the constitutional proscription which requires all penalties to be proportionate to the nature of the offense nor is it in violation of any established concept of indeterminate sentences.

■■ Many of the charges alleged are unsupported by the record nor are any affidavits attached as required by the post-conviction act (Ill. Rev. Stat. 1967, ch. 38, par. 122—2), and absent such requirements, no substantial constitutional questions are raised. We believe that the trial court properly dismissed the post-conviction petition without a hearing and that his order was and is supported by the principles quite recently stated in *People v. Goerger*, 52 Ill.2d 403, 288 N.E.2d 46, and *People v. Williams*, 52 Ill.2d 466, 288 N.E.2d 353.

■■■ The defendant had counsel of his own choice during his trial. The statements which he says brought about the coercion were not offered in evidence or considered by the trial court on his plea of guilty, but were mentioned and considered in aggravation and mitigation, without objection by counsel. Twice an appeal was taken to this court without raising that question or any other question other than the validity of the indictment. The issues on the post-conviction petition and presented here might well have been presented in either appeal. The defendant had court-appointed counsel in the second appeal. The defendant had court-appointed counsel in the post-conviction hearing. Different counsel on this appeal was appointed after notice of appeal was filed and counsel was admonished by the trial court to carefully consider the record in this case. His motion to withdraw on the grounds that the present appeal is frivolous and without substance is well warranted. Nowhere has there been a complaint by the defendant of the incompetency of any counsel until he stated that he didn't feel that present counsel checked the facts and the law as adequately as he should have and therefore that the Illinois Defender Project should be appointed to pursue the matter further. It is axiomatic that there must be an end to litigation somewhere and that a lawyer on appeal is not required to present alleged constitutional questions which are without foundation either in law or in fact to prove his competency. This record shows conduct on the part of all counsel which negatives any thought of incompetency.

Accordingly, the motion to strike the attorney's motion for leave to withdraw is denied; the motion for counsel's leave to withdraw is granted and the judgment of the trial court is affirmed.

Judgment affirmed.

CRAVEN, P. J., and SIMKINS, J., concur.